RECEIPT # _____
AMOUNT $ 250
SUMMONS ISSUED ✓
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 6-23-05

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CLARA CLEMENS ) | |
|    Plaintiff ) | |
| ) | |
| V. ) | |
| ) | |
| MET LIFE DISABILITY ) | |
|    Defendant ) | |

05 CV 11322 GAO

**COMPLAINT and JURY DEMAND**

MAGISTRATE JUDGE Collings

### Nature of Action

Plaintiff brings this action under the Employee Retirement Income Security Act of 1974 ("EISA"), 29 U.S.C. sections 1001 et seq. as amended, and further 29 U.S.0 section 1132 (a)(1)(B) to recover damages for defendant's breach of a long term disability policy purchased and provided as a benefit of the plaintiff's employment by her former employer.

### Claims

1. Plaintiff, Clara Clemeno, is an individual residing at 130 George Street Medford, Massachusetts, 02155.

2. Defendant, MetLife Disability is a duly organized corporation with a usual place of the benefits office with a usual place of business in Lexington, Kentucky, 40511-4590, P.O. Box 14590.

3. The policyholder for the Long Term Disability claims for MetLife is the Roman Catholic Archdiocese of Boston located at 2121 Commonwealth Avenue, Brighton, Massachusetts, 02135.

4. Ms. Clemeno stopped working as a school teacher at Pope John XXIII high school on June 14, 2002, with the advice of her doctor after seeking treatment for an osteomy preformed, and removed tendons on November 6, 2002.

5. She then filed a disability claim with a diagnosis of Post Tibial Dysfunction. It was then that Ms. Clemeno filed claim for benefits under the Roman Catholic Archdiocese Long Term Disability Plan, referred to as "the LTD Plan".

6. On June 13, 2002 Ms. Clemeno's disability benefits were approved. After a 90-day period of disability, her disability commenced on September 4, 2002. Her benefits were calculated as 60 percent of her basic monthly pre-disability salary, minus other income benefits. Her monthly salary was $3, 222.42 prior to her disability, and now her gross total LTD benefit is $1, 933. 45 (60%).

7. Although all of Ms. Clemeno's doctors continued to support her claim of total disability, the Roman Catholic Archdiocese of Boston LTD Plan decided to terminate benefits based on the medical statements from Dr. Mattingly and Dr. Corbett.

8. By letter dated August 28, 2003 MetLife disability advised Ms. Clemeno that her benefits had been discontinued. In this letter, it was documented that a copy of the medical statements were insufficient to support the existence of a disability as defined by the Roman Catholic Archdioceses of Boston LTD Plan.

9. MetLife cited that Dr. Mattingly does not provide medically documented findings to reflect physical examination or treatment being provided. In addition, the medical documentation from Dr. Corbett does not indicate that Ms. Clemeno has experienced any post surgical complications or that the physical therapy has failed to return physical conditions that were experienced to prior state of functionality.

10. After receiving the notice of termination of benefits, Ms. Clemeno appealed and provided additional information to MetLife including an April 16, 2003 Physical Therapy note, April 29, 2003 letters from Dr. Pastan, Dr. Mattingly's office notes of April 9, 2003 and August 8, 2003 and a note dated from him September 22, 2003.

11. MetLife reviews Ms. Clemeno's file in entirety and identified key elements lacking from the documentation was a detailed description of functional abilities for standing and walking, evidence of swelling or synovitis to the knees, ankles or hips after standing for prolonged periods of time, physical exam findings for decreased range of motion to your hips, knees, and ankles, description of gait and deed for assistive device for ambulation. There was no testing submitted to determine extent of current findings of the right hip, no indications that severe unrelenting pain is present, or indication that additional therapy was prescribed to increase functional abilities.

12. By letter, dated October 15, 2003, informed Ms.Clemeno that they were upholding their decision to terminate her benefits and that she had exhausted her right to administrative remedies under the plan and no further appeals will be considered. This termination was in bad faith, unreasonable, not supported by substantial evidence, and a breach of the terms of Ms. Clemeno's disability policy.

WHEREFORE, the plaintiff prays for the following relief:

1. That the Court enter judgment against the defendant awarding the plaintiff retroactive and present disability benefits together with prejudgment interest, or an amount deemed just by this Court of law;

2. That the Court award-plaintiff her-attorneys' fees, court-costs and all other reasonable costs incurred; and

3. That the Court grants such other and further relief as it may deem just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY.**

Respectfully submitted
For The Plaintiff,
Mary Giorgio
By her attorney

LAW OFFICES OF MICHAEL F. WALSH, P.C.

Michael F. Walsh
1200 East Street
Westwood, MA 02090
(781) 251-0100
BBO# 550658

Dated: June 6, 2005

JS-44 - 10WA

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. except as provided by local rules of court. This form, approved the Judicial Conference of the United States in September 1974. is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Clara Clemeno, 130 George Street, Medford, MA 02155

**DEFENDANTS**
MetLife Disability, P.O. Box 14590, Lexington, KY 40511

(b) County of Residence of First Listed Plaintiff   Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: INLAND CONDEMNATION CASES. USE THE LOCATION OF THE LAND INVOLVED.

(C) Attorney's (Firm Name, Address, and Telephone Number)
Michael F. Walsh,   BBO # 550658
Law Offices of Michael F. Walsh, PC, 1200 East Street, Westwood, MA 02090    Tel: 781-251-0100

Attorneys (If Known)
05 - 11322 GAO

## II. BASIS OF JURISDICTION (Place an "Y" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "x" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated of Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "Y" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller-Act | ☐ 315 Airplane Product Liability | | ☐ 6-15 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury Product Liability | | | ☐ 450 Commerce ICC Rates etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 3-10 Assault. Libel & Slander | ☐ 368 Asbestos Personal Injury Product | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Liability | ☐ 640 R.R. & Truck | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | E 820 Copyrights | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety /Health | ☐ 810 Patent | ☐ 850 Securities Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 875 Customer Challenge 12 U.S.C. 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Act. |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Environmental Matters |
| | | | | ☐ 863 DIWC DIWW(405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900. Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing Accommodations | ☐ 530 General | | ☐ 8-10 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 8-1 IRS-Third Party 26 USC 7,609 | ☐ 890 Other Statutory Action, |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of case.)

Plaintiff brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. sections 1001 et seq. as amended, and further 29 U.S.0 section 1132 (a)(1)(B) to recover damages for defendant's breach of a long term disability policy purchased and provided as a benefit of the plaintiff's employment by her former employer.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if determined in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY (See Instructions)
and LR 3.1 (e)    JUDGE _____    DOCKET NUMBER _____

DATE   June 8 2005
SIGNATURE OF ATTORNEY OF RECORD  /s/ Michael F. Walsh

FOR OFFICE USE ONLY
RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Clara Clemeno v. MetLife Disability**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   [X] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   *05-11322 GAO*

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☐

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☐
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **Michael F. Walsh**
ADDRESS **1200 East Street, Westwood MA, 02090**
TELEPHONE NO. **1-781-251-0100**

(CategoryForm.wpd -5/2/05)